THE UNITED STATES DISTRTIC COURT FOR THE
DISTRICT COURT OF DELAWARE

| | |
|---|---|
| JOSEPH WILGIS, : | |
| : | |
| Plaintiff, : | Jury Trial Demanded |
| V. : | |
| : | Civil Action No. |
| EDGEPARK MEDICAL SUPPLIES, and : | |
| : | |
| TRIAD GROUP, INC. : | |
| Defendants. | |

**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES**

**INTRODUCTION**

This is a civil action for compensatory and punitive damages for personal injuries arising out of the negligence of the above named Defendants in the manufacture and distribution of contaminated sterile lubricating jelly.

**JURISDICTION AND VENUE**

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

2.  Upon information and belief, this Court has personal jurisdiction over Edgepark Medical Supplies. Upon information and belief, Edgepark Medical Supplies directly, or indirectly markets and sells various medical products throughout the United States and in this judicial district. Upon Information and belief, Edgepark Medical Supplies has conducted and continues to conduct business in this judicial district.

3.  Upon information and belief, this Court has jurisdiction over Triad Group. Upon information and belief, Triad Group directly, or indirectly manufactures, markets and sells various medical products throughout the United States and in this judicial district.

4. Upon Information and belief, venue is proper in this judicial district under 28 U.S.C. §1332.

5. Plaintiff, Joseph Wilgis, is a resident of the State of West Virginia and resides at 45 Main Street, Albright West Virginia 26519.

6. Upon information and belief, the Defendant, Edgepark Medical Supplies, is a corporation organized under the laws of the state of Ohio, with its headquarters located at 1810 Summit Commerce Park, Twinsburg, OH 44087.

7. Upon information and belief, the Defendant, Triad Group, Inc., is a corporation organized under the laws of the state of Wisconsin, with its headquarters located at 700 West North Shore Dr., Hartland WI 53029.

8. The matter in controversy involves, exclusive of interest and costs, compensatory damages in excess of $75,000.00 and punitive damages in excess of $75,000.00, both of which exceed the jurisdictional requisite.

## NEGLIGENCE

9. Paragraphs 1-8 are incorporated herein by reference

10. Defendants were engaged in the business of designing, manufacturing, assembling, distributing, supplying, and selling medical and non-medical products including lubricating jelly.

11. According to its letters, Defendants' began shipping the contaminated lubricating jelly to its customers in January, 2007.

12. Plaintiff received and used the products until the December 2010 notification while still a resident of the State of Delaware.

13. Plaintiff was hospitalized numerous times for infections after using

Defendant's product.

14. In December 2010, both Defendants' sent Plaintiff letters, attached hereto as Exhibit "A", notifying Plaintiff of the recall and the possibility for "patient harm" and "patient infection."

15. Upon receipt of the letters, Plaintiff stopped using Defendant's product.

16. Plaintiff has since started using a different lubricating jelly and has not suffered any infections since February 2011.

17. Defendants, as the manufacturer, supplier, and seller of the lubricating jelly, owed a duty to the ultimate users of the chairs, including Plaintiff, to exercise reasonable care in the manufacture, supply and sale of the jelly to insure that it was reasonably safe for its intended use.

18. Defendants, in breach of the duty described above, negligently:

(a) manufactured, supplied and sold the lubricating jelly involved in this action that was contaminated prior to Plaintiff's use so that the jelly caused infections and other complications to Plaintiff's health;

(b) failed to warn users of the lubricating jelly, including Plaintiff, of the dangerous and unsafe condition of the jelly involved in this action; and

(c) Failed to otherwise exercise due care with respect ot the matters alleged in this complaint.

19. As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered personal injuries. Plaintiff incurred pain and suffering as well as lengthy hospitalizations. Plaintiff suffered a loss of sexual function. Plaintiff has and will incur pain and suffering in the future, mental suffering and trauma, past and future

medical and hospital expenses, loss of earning capacity, and he sustained damages generally.

## NEGLIGENT FAILURE TO WARN OR TEST

20. Paragraphs 1-19 are incorporated herein by reference.

21. Defendants were negligent in failing to warn users or consumers such as Plaintiff of the dangers of contamination and infections associated with lubricating jelly use. In addition, Defendants were negligent in failing to warn physicians and other medical professionals prescribing lubricating jelly to their patients of the dangers of contamination and infection associated with lubricating jelly use.

22. Defendants were also negligent in failing to adequately test its lubricating jelly before placing it into the stream of commerce.

23. As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered personal injuries. Plaintiff incurred pain and suffering as well as lengthy hospitalizations. Plaintiff suffered a loss of sexual function. Plaintiff has and will incur pain and suffering in the future, mental suffering and trauma, past and future medical and hospital expenses, loss of earning capacity, and he sustained damages generally.

## BREACH OF IMPLIED WARRANTIES

24. Paragraphs 1-23 are incorporated herein by reference.

25. Defendants are merchants with respect to lubricating jelly such as the lubricating jelly involved in this case. As a merchant, Defendants impliedly warranted to users and consumers such as Plaintiff that its lubricating jelly were of merchantable

quality or fit for the purpose intended because it lacked warnings or instructions which could have made it safe.

26.     As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered personal injuries.  Plaintiff incurred pain and suffering as well as lengthy hospitalizations.  Plaintiff suffered a loss of sexual function.  Plaintiff has and will incur pain and suffering in the future, mental suffering and trauma, past and future medical and hospital expenses, loss of earning capacity, and he sustained damages generally.

## STRICT LIABILITY FAILURE TO WARN OR TEST

27.     Paragraphs 1-26 are incorporated herein by reference.

28.     Defendants manufactured and sold the lubricating jelly which Plaintiff used every time he had to perform a self catheterization.

29.     The lubricating jelly was contaminated and unreasonably dangerous because it was placed into the stream of commerce without any warnings or instructions concerning the dangers of contamination and infections which might be associated with its use.  Defendants not only failed to warn users of the lubricating jelly such as Plaintiff but also failed to warn Plaintiffs treating physicians and other medical professionals of the potential dangers and risks associated with contamination and infections associated with the use of the lubricating jelly on individuals such as Plaintiff.

30.     Upon information and belief, Defendants also failed to adequately test the lubricating jelly before marketing it to users and consumers such as Plaintiff, which testing would have disclosed the magnitude of the potential risk of contamination and infection associated with the use of the lubricating jelly on Plaintiff.

31. Defendants were under a duty to warn users or consumers such as Plaintiff and the physicians prescribing the lubricating jelly of the potential dangers of contamination and infection resulting from the lubricating jelly use. This duty to warn was breached by the failure of Defendants to warn as outlined above. In addition, Defendants were under a duty to adequately test the lubricating jelly before marketing it to users or consumers such as Plaintiff and on information and belief, Defendants failed to discharge that duty.

32. As a direct and proximate result of the Defendants, failure to warn and failure to test its products, Plaintiff suffered personal injuries. Plaintiff incurred pain and suffering as well as lengthy hospitalizations. Plaintiff suffered a loss of sexual function. Plaintiff has and will incur pain and suffering in the future, mental suffering and trauma, past and future medical and hospital expenses, loss of earning capacity, and he sustained damages generally.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff Joseph Wilgis respectfully requests that the Court find the named Defendants jointly and severally liable for his injuries and grant him the following relief:

- A. Compensatory damages in an amount to be determined;
- B. Punitive damages in an amount to be determined against all defendants;
- C. The costs of this action, including disbursements and reasonable attorneys fees; and
- D. Such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs request a jury trial on all issues legally triable by a jury.

                                  **LIGUORI & MORRIS**

                                  **/s/ Gregory Morris, Esq.**
                                  GREGORY MORRIS, ESQ.
                                  MELISSA L. DILL, ESQ.
                                  46 The Green
                                  Dover, Delaware  19901
                                  (302) 678-9900
                                  Bar ID: 3014
                                  Bar ID: 5157
                                  Attorneys for Plaintiff